Monguee, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court of Wythe county, rendered on the 22d.dayof September, 1876, convicting the plaintiff in error John Hoback, of felony, and sentencing him therefor to imprisonment in the penitentiary for the term of' two years. He was indicted, for that he “feloniously and of his malice aforethought, did shoot one Brown Seagle, with intent him, the said Brown Seagle, to maim, disfigure, disable and kill.” On his arraignment he pleaded not guilty, on which plea issue was thereupon joined, which issue was tried by a jury.
After having been duly sworn, and heard the evidence and argument of counsel, the jury returned a *923 verdict in the following words, viz: “We the jury find the defendant, John Hoback, not guilty of malicious shooting, as in the within indictment charged, but guilty of unlawful shooting, with intent to maim, disfigure, disable and kill, and fix his term of confinement in the state penitentiary at two years.” And thereupon the prisoner, by his counsel, gave notice that on to-morrow he would move the court in arrest of judgment, and to set aside the verdict of the jury and grant a new trial, but did not state the grounds of the motion, so far as appears from the record. On the next day the motion was accordingly made, and the court took time to consider the same. Afterwards, and on another day, to wit, on the said 22d day of September, 1876, the court, having considered the motion in arrest of judgment, and to set aside the verdict of the jury and grant a new trial, overruled the said motion; to which ruling of the court, it is stated in the record, that the prisoner by his counsel excepted, though there is no bill of exceptions in the record. Nothing further being alleged in arrest or delay of judgment, the same was then accordingly rendered as aforesaid. To that judgment the prisoner applied to a judge of this court for a writ of error, which was accordingly awarded.
But one error in the judgment is assigned in the petition for a writ of error. After setting out the verdict of the jury, the petitioner proceeds to assign the error in these words: “Now nowhere in this verdict does the jury say whom, it was that petitioner unlawfully shot, &c. It charges a simple unlawful shooting, but omits all mention of any person injured. The first part of the verdict refers to ‘within indictment,’ but does not name person shot. The latter clause, or * guilty ’ clause does not even refer to the ‘ within in *924 dictment.’ This verdict was clearly too uncertain in so grave a case, and the court erred in refusing to set it aside and grant a new trial and to arrest the judgment.”
It is impossible to misunderstand the verdict of the j ury, and if there be any defect in it, it is purely technical, and no doubt would have been at once removed if the attention of the court had been called to it before the discharge of the jury.
But is there even a technical defect? Certainly there is not a substantial defect.
A verdict of a jury in a criminal ease must always be read in connection with the indictment; and if it be certain, upon reading them together, what is the meaning of the verdict, it is sufficiently certain. The indictment is never copied or repeated in the verdict; nor need the charge be set out in the latter with anything like the same particularity with which it is set out in the former. The verdict refers to and adopts the indictment, in whole or in part, either expressly or by plain implication. When the indictment contains but one charge, of which the accused must be either guilty or not guilty, and the verdict simply is, “we, the jury, find the prisoner guilty,” or “not guilty,” as the case may be, what, then, is the meaning of the words of the verdict—guilty or not guilty of what? Of course, of the offence charged against him in the indictment. How, if we take away the indictment, the verdict, taken by itself, will be nonsense. But, taken in connection with the indictment, as it always is and must be taken, it is perfectly plain. The verdict is a direct response to the issue of guilty or not guilty, which the jury are sworn to try. It is a direct response to the question, which, after the jury ■have come into court and announced their agreement *925 in their verdict, the clerk, in the presence of the prisoner, and after telling the jury to look upon him, propounds to them, viz: “How say you? Is he guilty of the offence whereof he stands indicted, or not guilty?” 3 Eob. Pr., old ed., 262.
But sometimes an indictment contains several counts, or an offence charged in one count is a generic offence which embraces several species of the same offence. If in such cases the jury find the accused guilty of all the offences charged in the several counts, or of the whole offence charged in an indictment containing but one count, they have nothing to do but to find him “guilty,” unless the offence charged be murder, in which case the statute requires them further to find whether he is guilty of murder in the first or second degree.
But if in such cases the jury find the accused guilty of some only of the offences charged in the several counts, or only of some specific offence embraced in a larger offence charged in one count, a simple verdict of guilty or not guilty will not do; but the jury must sufficiently designate the counts under which, or the specified offence of which, they find the accused guilty, to make their meaning intelligible.
This is a case of the latter class, in which it was not enough for the jury to find a verdict simply of guilty; but it was necessary for them to designate sufficiently the specific offence of which they intended to find the accused guilty, reading their verdict in connection with the indictment, as before stated. Have they done so in this case?
The law under which this ease arises may be found in the Code of 1873, ch. 187, § 10, and ch. 202, § 29.
Chapter 187, section 10, declares that “ if any person maliciously shoot,” &e., any person, “ with intent *926 to maim, disfigure, disable or kill, he shall,” &c. ■ “If such act be done unlawfully, but not maliciously, with ■ the intent aforesaid, the offender shall,” &c. Under that chapter and section, the indictment against the accused might have contained two counts, one for doing the act maliciously, and the other for doing it unlawfully only; and the accused, in that case, might have been found guilty under either of the counts, according to the facts as proved before them.
But chapter 202, section 29, declares that “on any • indictment for maliciously shooting,” &c., a person, “ with intent to kill him, the jury may find the accused not guilty of the offence charged, but guilty of maliciously doing such act with intent to maim, disfigure or disable, or unlawfully doing it with intent to maim, disfigure, disable or kill such person.”
The indictment in this ease was under the latter chapter and section, that is, for maliciously shooting a person with intent to kill him. The jury certainly intended, under the direction and authority of that chapter and section, to find the accused not guilty of the offence as charged, that is, of maliciously doing the act, but guilty of unlawfully doing it, with intent to maim, disfigure, disable or kill such person. Have they sufficiently indicated their intention in their verdict? We think they have.
How look at the verdict in connection with the indictment and with the section under which it was found, and how can we understand the verdict otherwise ?
“We, the jury, find the defendant, John Hoback, not guilty of malicious shooting, as in the within indictment charged.” This certainly is plain enough, and sufficiently ignores the charge of maliciously doing the act. It expressly refers to the indictment, on *927 the back of which it is written. And it thus proceeds, after a mere comma, “but guilty of unlawful shooting with intent to maim, disfigure, disable and kill, and fix his term of confinement in the state penitentiary at two years.” Are not the meaning and effect of the verdict and indictment, construed together, precisely the same as if the words “of his malice aforethought” were not in the indictment, the word “unlawfully” was there in their stead, and the verdict of the jury was simply a verdict of “guilty.” Can we place upon the verdict so unreasonable a construction as to make it doubtful whether the jury intended to find that Brown Seagle was the person shot, or that no person was in fact shot? See 1 Chit. Cr. Law, 636 marg. and seq.; 2 Va. Ca. 231, 273.
Canada's case, 22 Gratt. 899; and Randall's ease, 24 Id. 644, are cited by the counsel of the plaintiff in error as fully sustaining their view of the case. We •do not think they at all sustain it. In Canada's case, the prisoner was indicted for making an assault upon another, and feloniously and maliciously cutting him, &c., with intent, &c. The jury found “the prisoner not guilty of the malicious cutting and wounding, as charged in the within indictment, but guilty of an assault and battery, as charged in the within indictment, and assessing his fine at $500.” Held: This is an acquittal of the prisoner of the felony charged, whether of the malicious or unlawful cutting, &c., with intent to maim, &c.; and it is a conviction for the misdemeanor of assault and battery. We cannot conceive how that case can give any support to the view of the prisoner’s counsel in this case. Randall’s case seems to be more pertinent to this. There the prisoner was indicted, for that he, “with malice aforethought,” did “ unlawfully shoot and wound I. S. Moore, with intent *928 him the said I. S. Moore, with set purpose and malice aforethought to kill and murder.” The jury found a verdict in these words: “We, the jury, find the prisoner, Henry Randall, guilty of malicious shooting, and fix the term of imprisonment in the penitentiary at five years.”
There was a motion in arrest of judgment, which, however, the court below rendered according to the verdict. The case was brought to this court.by writ of error, and one of the errors assigned by the plaintiff in error was, that the verdict found him guilty of no offence at all, having found him guilty merely “ of malicious shooting.” The attorney general admitted that this error was well assigned; and this court, concurring in that view, reversed the judgment of the court below on that and another ground. How if the jury in response to the indictment, and to the question propounded to them by the clerk when they came into court to render their verdict, had simply pronounced the prisoner “guilty,” it would have been all sufficient, and have had the same effect as if they had repeated after the word “guilty” the whole charge contained in the indictment in manner and form as therein made. But they found him guilty of “malicious shooting,” without saying whether anybody, and if anybody who was shot, and with what intent the shooting was, and without referring to the indictment, and it did not even appear from the record that the finding was endorsed upon the indictment. The finding was of a single fact mentioned in the indictment, to wit: malicious shooting, which in itself was no felony, and indeed not a criminal offence at all. ¥e herefore think that Randall’s case does not sustain the view contended for by the counsel of the plaintiff in error in this case.
*929 A recent case decided by the supreme court of North Carolina, 74 N. C. Reports 246, State v. Hudson, was brought to the notice of this court during the argument of this case, as seeming to have some bearing upon it. We cannot see that it has. There the indictment was for assault and battery, in the ordinary form. The jury found the defendant “guilty of shooting.” “Shooting at what?” enquired the judge, who delivered the opinion of the court. “In what direction? If at any human object, was that object within the carrying distance of the gun, so as to constitute an assault ? If the indictment had charged that the assault was made by shooting at the prosecutor, possibly the verdict could be sustained by the reasonable certainty of its meaning, to be obtained by construing the bill and verdict together. But the instrument contains no such charge, and the verdict standing by itself is therefore senseless, certainly it is not responsive to the indictment.” We think that decision is correct, and that it is not at all in conflict with, if it does not sustain our Opinion in this case.
We think there is no error in the judgment of the court below, and that it ought to be affirmed.
Judgment arrirmed.