| 75 | 909 |
| 88 | 630 |
| 75 | 909 |
| 91 | 729 |
| 75 | 909 |
| 98 | 403 |

## Richmond.

### WOLVERTON v. THE COMMONWEALTH.

1. A justice of the peace has jurisdiction either to try and punish a prisoner charged with *petit* larceny, or to examine and send him on to the county court to be indicted and tried therefor; and where he exercises only the latter jurisdiction, on the trial in the county court, the plea of "twice in jeopardy" will not lie.

2. The indictment charged that the prisoner "one padlock, of the value of thirty cents, * * * *feloniously* did steal, take and carry away." The verdict rendered was, "We, the jury, find the defendant guilty." On objection to the verdict, on the ground that it convicts the prisoner of a *felony*—HELD: The verdict must be read in connection with the charge in the indictment, which is a *misdemeanor*, and the verdict is sufficient. The word "feloniously" was used in the indictment simply to characterize the *intent* with which the taking, &c., was done.

3. Where in a criminal case the *evidence* is certified and not the *facts proved*, the appellate court will exclude from consideration all the oral testimony of the prisoner; and if, after giving full faith and credit to the evidence of the Commonwealth, it is sufficient to sustain the verdict, it will not be disturbed. The verdict in this case was sustained by the evidence, even if the rule was relaxed, and the evidence of the prisoner was considered with that of the Commonwealth.

4. An article to be subject to larceny must be of some value; but it may be worth less than the smallest coin. The indictment in this case charged the value of the lock stolen to be thirty cents. There was no distinct proof of any specific value, nor was that necessary; the evidence showed that it had a key in it, and was used in fastening a door. HELD: This was sufficient to show that it was of some value.

This was a writ of *supersedeas* to a refusal of the judge of the circuit court of Prince William county to grant a writ of *supersedeas* to a judgment of the county court of said county, sentencing Peter F. Wolverton to receive five

stripes, on a conviction of *petit* larceny, for that, as alleged in the indictment, "on the 17th day of December, 1880, in the county aforesaid, one padlock, of the value of thirty cents, of the goods and chattels of one George Kreig, then and there being found, feloniously did steal, take and carry away, against the peace and dignity of the Commonwealth of Virginia." The facts are sufficiently stated in the opinion of *Burks*, J.

*C. E. Nicol*, for the prisoner.

*The Attorney-General*, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error was indicted in the county court of Prince William county for the larceny of a padlock, alleged in the indictment to be of the value of thirty cents. On the plea of " not guilty," he was tried and convicted by the jury and sentenced by the court to receive five lashes. After the verdict was rendered and before sentence pronounced, he moved successively in arrest of judgment for a *venire de novo*, and for a new trial, all of which motions were overruled, and he excepted.

By counsel, he alleges several grounds of error.

1. That he was once before put in jeopardy for the same offence. This is a mistake. He was arrested for the offence on a warrant duly issued on complaint under oath, was taken before a justice of the peace, who examined into the matter and required him to enter into recognizance to appear and answer an indictment to be preferred against him in the county court.

It is true, the justice had jurisdiction to try him for the offence, and if he found him guilty, to punish him, unless he appealed, as he might do, to the county court. But

this jurisdiction the justice did not exercise. He was invested with the further jurisdiction merely to inquire into the alleged offence, and if, on such inquiry, he considered there was sufficient cause to charge him therewith, to require him to appear and answer the charge in court. This jurisdiction the justice did exercise. The first and only time the accused was in "jeopardy," in a legal sense, was when he was tried in the county court.

2. He further assigns as error, that the verdict of the jury convicts him of a felony, while the indictment charges him with a misdemeanor only. The verdict is, "We, the jury, find the prisoner guilty." Guilty of what? Why, of the offence charged in the indictment. Judge Moncure, delivering the opinion of the court in *Hoback's case*, 28 Gratt. 928, commenting on the defective verdict in *Randall's case*, 24 Grat. 644, remarked, that "if the jury, in response to the indictment and to the question propounded to them by the clerk when they came into court to render their verdict, had simply pronounced the prisoner 'guilty,' it would have been all sufficient, and have had the same effect as if they had repeated after the word 'guilty' the whole charge contained in the indictment in manner and form as therein made." The verdict in this, as in *Hoback's case*, is to be read in connection with the indictment, and so read, it finds the prisoner guilty of the petit larceny charged in the indictment. As the offence charged is a misdemeanor, under our statute, so is the finding, the word "feloniously" in the indictment being used to characterize the intent with which the taking and carrying away were done—a felonious intent being an essential ingredient in the crime of larceny, whether grand or petit, distinguishing it from a mere trespass. It is the offence charged in the indictment of which the jury found the prisoner guilty, and that offence is a misdemeanor.

3. The refusal of the court to set aside the verdict of the jury and grant the prisoner a new trial, on the ground that the verdict was contrary to the evidence, is also assigned as error. The facts proved on the trial are not certified, but only the evidence. In such case, the well established rule is, that in the appellate court all the oral evidence of the prisoner (the excepting party) is to be excluded from consideration, and the evidence of the Commonwealth only is to be looked to, and full faith and credit are to be given to it. But if we relax the rule in the present case and consider the evidence of the prisoner as well as that of the Commonwealth, we think the verdict well warranted by the proofs.

The prisoner was seen by several witnesses, who were looking from a window at a short distance, to ride up near to the door in which the lock was said to be hanging. Stooping from his horse, he reached forth his hand to the door, withdrew it, thrust it into his pocket, and rode off. The witnesses did not see the lock in his hand, but it was proved that it was hanging on the door twenty minutes before he rode up, and immediately after he left it was discovered that it was gone. In the short interval between the time the lock was seen on the door and the time it was ascertained to be missing, no person except the prisoner was seen about the premises, and witnesses were so situated as to be able to have seen any one who might have gone to the door where the lock was hanging. The lock was not found in the possession of the prisoner, and in the evening of the day on which it was taken, he was charged with the larceny, and denied it. But the next day, early in the morning, the lock was found hanging on the door from which it had been taken, and in the evening of that day the prisoner, who had been arrested, offered to pay to the prosecutor the costs of the prosecution if he would dismiss it.

To counteract this evidence, the prisoner adduced some testimony to show his character for honesty and also tending to show that the witnesses for the Commonwealth might not have been able to see from the window a person in a position in which they testified to have seen the prisoner when he reached forth his hand to the door on which the lock was hanging. There was but little conflict in the evidence, and so far as such conflict involved the credibility of the witnesses, it was a matter peculiarly within the province of the jury to determine the credit to be given to the testimony, and their determination must be considered as final, at least by the appellate court.

At the common law, an article to be the subject of larceny must be of some value. It is sufficient, however, it is said, if it be worth less than the smallest coin known to the law. 1 Whart. Crim. Law, § 632; 1 Bishop Crim. Law, § 224. The indictment charges, that the lock was of the value of thirty cents. It is assigned that there was no proof of the value. It is true there was no distinct proof of a specific value, nor was such proof necessary. But the evidence, nevertheless, shows that it was of some value. It was used for fastening the door on which it was hanging. When taken, the key was in it. That was sufficient to show that it was of some value. See *State* v. *Slack,* 1 Bailey (So. Car.), 330, 343; *Houston* v. *State,* 8 English (Ark. Rep.), 66.

The judgment of the county court will be affirmed.

JUDGMENT AFFIRMED.