ROGERS

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, Feb. 1, 1894.*)

[19 S. E. Rep. 162.]

Criminal Law—Verdict—Reference to Indictment.

Where, upon a sufficient indictment, the jury, by their foreman, indorse the following verdict: "We, the jury, find the prisoner, H. R., guilty, and fix his punishment at eighteen years in the penitentiary," the verdict is not erroneous in failing to refer explicitly to the indictment.

Same—Charge of Clerk.

The clerk, in the presence of a prisoner, against whom a jury had just returned a verdict of guilty, propounded to the jury the following: "How say you? Is he guilty of the offense whereof he stands indicted, or not guilty": *held*, that said charge of the clerk was sufficient. .

Same—Same—Errors Cured after Verdict.

After verdict it is too late to take advantage of an irregularity in the charge of the clerk to the jury, the same being cured by section 3156, Code 1887.

Error to corporation court of Norfolk.

Harry Rogers, having been found guilty of a felony, brings error. Affirmed.

*Th. J. Randolph*, for plaintiff in error.

*R. Taylor Scott, Atty. Gen.*, for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of Harry Rogers represents that he is aggrieved by a final judgment of the corporation court of the city of Norfolk, rendered upon the 1st day of April

1893, sentencing him to confinement in the penitentiary of this commonwealth for the term of 18 years, the period by the jurors in their verdict ascertained.    It appears from the record in this case that on the 6th day of March, 1893, the plaintiff in error, Harry Rogers, was indicted in the corporation court of the city of Norfolk for that, "on the 30th day of January, 1893, in the said city of Norfolk, being then and there armed with a dangerous weapon, to wit, with a brick, on one M. W. Mason feloniously did make an assault, and him, the said M. W. Mason, in bodily fear feloniously did put, and one watch chain, of the value of $17, of the goods and chattels of the said M. W. Mason, from the person and against the will of said M. W. Mason then and there feloniously and violently did steal, take, and carry away, against," etc.    Upon this said indictment he was arraigned and tried, and on the 21st day of March, 1893, the jury brought in a verdict in the following words and figures, to wit :  "We, the jury, find the prisoner, Harry Rogers, guilty, and fix his punishment at eighteen years in the penitentiary."    The accused moved the court to set the verdict aside, and grant a new trial, because the verdict does not refer explicitly to the indictment, and is not a clear and complete finding of the issue, in that it does not state what crime or grade of crime he was found guilty of.    The foreman of the jury wrote the verdict upon the indictment, and signed it as such, and the verdict is a direct response to the issue made up in the case of guilty or not guilty, which the jury was sworn to try.    It is a direct response to the question which, after the jury had come into court and announced their agreement in their said verdict, the clerk, in the presence of the prisoner, and after telling the jury to look upon him, propounded to them, viz.:  "How say you?  Is he guilty of the offense whereof he stands indicted, or not guilty ?"   3 Rob. Pr. (Old Ed.) 262 ;   Hoback v. Com., 28 Gratt. 924 ; Price v. Com.; 77 Va. 394.   "As the jury

cannot inquire into the truth of any facts but those which are comprised in the issue, it must necessarily be intended that whatever facts they find are according to the allegations of the indictment, unless a different intention can be inferred from the verdict." Parsons, C. J., in Com. v. Judd, 2 Mass. 329. "A verdict of a jury in a criminal case must always be read in connection with the indictment, and if it be certain, upon reading them together, what is the meaning of the verdict, it is sufficiently certain. The indictment is never copied or repeated in the verdict, nor need the charge be set out in the latter with anything like the same particularity with which it is set out in the former. The verdict refers to and adopts the indictment in whole or in part, either expressly or by plain implication. When the indictment contains but one charge, of which the accused must be either guilty or not guilty, and the verdict simply is, 'We, the jury, find the prisoner guilty,' or 'not guilty,' as the case may be, what, then, is the meaning of the words of the verdict? Guilty or not guilty of what? Of course, of the offense charged against him in the indictment. Now, if we take away the indictment, the verdict, taken by itself, will be nonsense, but, taken in connection with the indictment, as it always is, and must be, taken, it is perfectly plain." 3 Rob. Pr. (Old Ed.) 262.

The second assignment of error is that the clerk failed to charge the jury sufficiently fully to allow the jury to find completely under the indictment. The clerk's charge, as set forth in the record, is full and complete, and is in exact accordance with the decisions in Houston v. Com., 87 Va. 266, 12 S. E. 385, and Thornton v. Com., 24 Gratt. 662. After verdict it is too late to take advantage of such irregularity. Even though it obtain in this case, it is cured by section 3156, Code 1887. There is no error in the judgment of the corporation court of the city of Norfolk, complained of, and it is affirmed. Affirmed.