STATE *vs.* WALTER H. MUNROE.

PROVIDENCE—MARCH 25, 1904.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Criminal Complaint.  Courts.  Jurisdiction.  Former Jeopardy.*

Where a court has the power either to try and determine a case or to examine and bind over, and does not assume the former jurisdiction, a discharge by the examining magistrate is no bar to a second prosecution for the same offence.

CRIMINAL COMPLAINT. Heard on demurrer to plea, and demurrer sustained.

DOUGLAS, J. The respondent having been arraigned September 4, 1902, before the District Court of the Fifth Judicial District, upon a complaint and warrant charging him with a

violation of the provisions of chapter 969 of the Public Laws, pleaded not guilty, and the case was continued to September 11th. On that day the record is: "September 11, 1902. No appearance being made by the compt. case dismissed and deft. discharged."

(1)　A new complaint for the same offence was made and a new warrant was issued October 29, 1902, and the respondent on November 19, being arraigned, pleaded the former proceedings in bar. The State demurred thereto, and, the demurrer having been sustained, a trial was had upon the merits, and the respondent was found guilty. Thereupon he appealed to the Common Pleas Division of the Supreme Court, where it was agreed that his plea and the demurrer thereto might be renewed, and thereupon the case was certified to this division for hearing of the issue raised by the plea and the demurrer.

We think the demurrer must be sustained. It is well settled that a discharge by a mere examining magistrate is no bar to a second prosecution for the same offence. 17 A. & E. Ency. L. 586.

So, also, where a justice has jurisdiction either to try a person for an offence with which he is charged, or merely to examine him with reference to ordering him to recognize for his appearance before a higher court, and he exercises only the latter jurisdiction, his judgment can not be pleaded in bar to a subsequent indictment for the same offence, *ib.*

The statute in this case gives concurrent jurisdiction to the Common Pleas Division and to the District Court. The latter, therefore, had the power either to try and determine the case, or to examine and bind over. If, upon a full hearing, the District Court had adjudged the respondent not guilty, such a judgment would have been a bar to this subsequent prosecution; but if the court had found the respondent not probably guilty and discharged him, such a termination of the case would have been no bar to the subsequent prosecution. *Com.* v. *Hamilton*, 129 Mass. 479; *Com.* v. *Boyle*, 14 Gray, 3; *Wolverton* v. *Com.*, 75 Va. 909.

The record here pleaded does not show that the District Court ever assumed its jurisdiction to try and determine the

case, and the respondent had no right to demand that it should do so. The trial or examination was not begun, and the respondent can not show that he was ever in peril of conviction or punishment.

The demurrer to the plea is sustained, and the case will be remanded to the Common Pleas Division for further proceedings.

*William B. Greenough, Asst. Attorney-General,* for State.

*Pegram & Cooke,* for defendant.