## Richmond

TOMMY GENE BROWN

V.

COMMONWEALTH OF VIRGINIA

June 12, 1981.

Record No. 800738.

Present: All the Justices.

*William P. Sheffield* for appellant.
*Robert E. Bradenham, II, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

The question here is whether Tommy Gene Brown may be convicted of assault and battery under an indictment charging attempted murder, and also be convicted of an unlawful wounding of the same victim under an indictment charging malicious wounding, when both prosecutions arose out of the same incident.

A group of more than ten men and women, armed with an assortment of firearms and clubs, was involved in a "shoot out" at a music festival in Tazewell County on June 8, 1979. One participant was killed and several others, including Dennis Ellis Keen, were injured. As a result Brown was indicted for six separate

crimes, (1) the murder of Danny Ray Keen, (2) the attempted murder of Dennis Ellis Keen, (3) the attempted murder of Clifford Keen, (4) the malicious wounding of Dennis Ellis Keen, (5) the unlawful and felonious use of a firearm in a threatening manner in violation of Code § 18.2-53.1, and (6) the unlawful brandishing of a firearm at one Carolyn Mann.

A jury acquitted Brown of the murder of Danny Ray Keen and of the attempted murder of Clifford Keen. He was convicted of assault and battery under the indictment charging the attempted murder of Dennis Keen, and of unlawful wounding under the indictment charging the malicious wounding of Dennis Keen. The jury also convicted Brown under the two indictments charging him with the unlawful use of firearms. We are concerned here with the convictions of assault and battery and of unlawful wounding.

The evidence establishes that the defendant shot his victim, Dennis Keen, in the leg with a high caliber pistol at close range. After Dennis Keen had been shot, Benny Wilson, a friend of Brown's, got on top of Keen, ground his wounded leg into the dirt, shot, and beat him. The examining physician testified that Keen sustained multiple wounds on the left side of the face, the right side of the chest, and the right thumb. He also stated that there was a gaping wound in both sides of the victim's right lower leg. He indicated that the wounds were inflicted at close range and by bullets from different caliber guns.

 The record shows that at the conclusion of the Commonwealth's evidence, counsel for defendant moved to strike the indictments charging the attempted murder and malicious wounding of Dennis Keen. He argued: "I don't believe—in [indictments] 2 and 4—you've got the same thing, and I don't believe the Commonwealth is entitled to two shots at it. One of them is a felonious assault, and the other is malicious wounding—or attempted malicious wounding—I forget which one it is; but I don't believe . . . I believe he is going to have to elect to stand on one of those, he can't have both of them."

The Commonwealth's Attorney responded that the evidence showed that two shots were fired by Brown at Dennis Keen. He observed: "We also have different elements in the two offenses. There is a wounding needed, in malicious wounding; there is no wounding needed, in attempted murder. The intent, in a malicious wounding, does not have to be the intent to kill, just the intent to

maim or disable . . . . If each of the offenses have one element different, then the two offenses can be charged." The trial judge agreed, ruling: "I think at this point, the Court will overrule the Motions; that's in regard to [indictments] 2 and 4."

After his motion to strike was overruled, the defendant introduced evidence in his own behalf and did not renew his motion to strike at the conclusion of all the evidence. The Attorney General contends that he thereby waived his right to stand upon the motion, citing *Inge* v. *Commonwealth,* 217 Va. 360, 228 S.E.2d 563 (1976), and numerous other cases. The rule in *Inge,* which contemplates a motion to set aside on the ground the evidence is insufficient, is not applicable here.

The Attorney General further points out that the defendant also failed to make any motion to set aside the verdicts of the jury convicting him of assault and battery and unlawful wounding. It is argued that this constitutes a violation of Rule 5:21 because the defendant failed to state with reasonable certainty his objection to the ruling of the court below permitting the jury to consider both indictments and to find verdicts of guilty under both. The Attorney General also contends that the defendant demonstrated his intent not to rely on his original motion to strike by failing to proffer an instruction giving the jury the alternative of finding him guilty of an offense under one indictment but not under both, and by making no objection to the instructions which permitted the jury to convict the defendant under both indictments.

Counsel for the defendant responds that he made his fundamental objection to the manner in which the Commonwealth's Attorney was proceeding clear to the trial court on his motion to strike. He asserts the court was aware of his contention that the defendant could not be prosecuted and convicted of both an attempt to murder and a malicious wounding because the Commonwealth's Attorney was relying upon the same facts to convict in each case. While defendant's objection was not stated with the desired precision and clarity, we think that it was sufficient to have alerted the trial court of the grounds of Brown's objection to being tried and convicted on both indictments, and that it therefore complied with Rule 5:21.

■ The Attorney General additionally argues that there was sufficient evidence to warrant separate indictments for attempted murder and malicious wounding and to sustain the verdicts returned. His theory is that the assault and battery conviction under

the attempted murder indictment was supported by testimony establishing that Brown shot the victim Dennis Keen in the leg with a pistol. The Attorney General then points to the evidence showing that after this shooting, Benny Wilson jumped on the injured leg of Dennis Keen, rubbed it in the dirt, and fired a small caliber weapon in the face and chest of Keen. He maintains that this act by Wilson constituted the basis for the malicious wounding indictment which resulted in Brown's conviction of unlawful wounding. It is claimed that Brown acted as a principal in the second degree to the unlawful wounding of Keen by Wilson as Brown "was part of a concert of action with the resulting additional injuries to the victim as one of its incidental probable consequences."

We question whether there is sufficient evidence to demonstrate that Brown aided and abetted in the acts committed by Wilson, or that he consented to Wilson's felonious purposes, or that Brown contributed to their execution. But of more importance, the theory advanced by the Attorney General is not that upon which the Commonwealth's Attorney sought to convict the defendant. A reference to the exchange between the trial court and counsel at the time the defendant's motion to strike was argued clearly shows that Brown was not prosecuted as a principal in the second degree for the malicious wounding of Dennis Keen by Benny Wilson. The Commonwealth's Attorney was of the opinion that under the facts in this case it was proper to indict, prosecute, and convict Brown for attempted murder and malicious wounding. His rationale was that to convict for attempted murder no wounding was needed, whereas to convict for malicious wounding there had to be an actual wounding. In any event, it is clear that the Commonwealth was relying upon the same facts to convict under both indictments.

Although the jury was not instructed that it could return a verdict of assault and battery under the indictment charging Brown with the attempted murder of Dennis Keen,* it did so and fixed his punishment at confinement in jail for twelve months and a fine of $1,000. Upon finding the defendant guilty of the unlawful wounding of Dennis Keen, the jury fixed his punishment at a term of one year in the penitentiary.

---

* While there was no "jury instruction" to this effect, the record reveals that the verdict form for this indictment stated that the jury could find Brown guilty of attempted murder of Dennis Keen, guilty of assault and battery on Dennis Keen, or not guilty.

Assault and battery and unlawful wounding are lesser included offenses of malicious wounding. "[I]n situations . . . where a defendant is improperly convicted for a lesser included offense, the proper remedy is to vacate both the conviction *and* sentence on the included offense, leaving the conviction and sentence on the greater offense intact." *United States* v. *Buckley,* 586 F.2d 498, 505 (5th Cir. 1978), *cert. denied,* 440 U.S. 982 (1979). *Accord, United States* v. *Michel,* 588 F.2d 986, 1001 (5th Cir.), *cert. denied,* 444 U.S. 825 (1979); *United States* v. *Edmonds,* 524 F.2d 62, 64 n. 7 (D.C. Cir. 1975); *United States* v. *Rosenthal,* 454 F.2d 1252, 1255 n. 2 (2nd Cir.), *cert. denied,* 406 U.S. 931 (1972).

In the instant case the jury concluded that the evidence was not sufficient to show an intent by Brown to murder Keen or that defendant's act was committed maliciously. It did find that Brown committed an unlawful wounding of Keen, and it convicted him accordingly. This conviction, however, barred the defendant's further conviction of all other offenses of a higher grade and of any lesser included offense encompassed by the malicious wounding indictment. It therefore was improper for the jury to have returned a verdict finding the defendant guilty of assault and battery under the indictment charging attempted murder.

■ It is our conclusion that the court should have instructed the jury that if it found the defendant guilty under either the indictment which charged attempted murder or that which charged malicious wounding, it should not consider further the other indictment. Therefore, we will affirm the defendant's conviction of unlawful wounding and reverse his conviction of assault and battery. The indictment charging defendant with the attempted murder of Dennis Ellis Keen will be dismissed, and Brown's conviction of assault and battery thereunder will be vacated, and the jail sentence and fine imposed on him will be set aside.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*

POFF, J., concurring.

I concur in the result reached by the majority.

The defendant was convicted under the malicious wounding indictment of the lesser-included offense of unlawful wounding. As-

sault and battery is a lesser-included offense of unlawful wounding. As the majority opinion demonstrates, the convictions for unlawful wounding and assault and battery were based upon the same evidence of the same conduct. Conviction of two offenses, one of which is lesser-included in the other, offends the double jeopardy guarantee. In such case, the constitution requires that the conviction of the lesser offense and the sentence imposed upon that conviction be vacated.

This rationale may be implicit in the majority opinion. I believe it should be explicit.