## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

v.

George Gallahan

April 18, 1984

By JUDGE JOHN A. JAMISON

I have studied Mr. Stevens's letter of April 3rd and Mr. Smith's of April 5th, along with the cases furnished me by Mr. Stevens and those cited in his letter. The six cases cited and analyzed by Mr. Smith have also been given my attention, and I am naturally quite conscious of the *Greenwalt* case decided in 1982 on appeal from the Circuit Court of Spotsylvania County, which also bears on the question here presented.

The thrust of these cases is the need to determine whether or not there was what can be considered a true dismissal. Mr. Stevens feels that since no actual trial took place and no presentation of evidence was begun, that the defendant was not in jeopardy. This is persuasive reasoning, but I am faced with the fact that the District Judge actually wrote on the warrant that it was *"dismissed."* This important decision, a produce of the Court's mind, transferred to paper, and signed by the Judge, appears to me to be a holding on which the defendant could be assured that no further trial would take place. If he had been charged with a felony at the time the matter had been in the District Court for its preliminary hearing and that Court had attempted to dismiss the felony, of

course the Commonwealth could have proceeded anew before the Grand Jury without any difficulty. Here, however, Gallahan was charged before the District Court with "assault and battery," but the magistrate and the Commonwealth made the important concession that the assault and battery charge as well as the maiming charge grew out of exactly the same incident, even though there was a discrepancy as to the actual date. Assault and battery is without question, a lesser included offense of malicious wounding. Since assault and battery is a misdemeanor which the District Court had the authority to dismiss, it did so. It, therefore, appears that Mr. Smith's position that the defendant would be in double jeopardy if now tried upon the indictment, is a correct one and I must so find.

I concede that there can be argument to the contrary, but in view of the clear message in *Brown* v. *Commonwealth*, 222 Va. 111 (1981), the most recent case cited by Mr. Smith and the prior cases he also cites, that if a defendant is dismissed in the District Court of an offense in which that Court had jurisdiction to try and dispose of, it appears clear that the Commonwealth has no right to take the greater offense in which the lesser is included, before a Grand Jury. Of course, this reasoning would not apply if assault and battery had not been a lesser included offense, but here it is clear that it is.

Therefore, I must sustain the position taken by Mr. Smith and hold that double jeopardy would attach if the case should now go forward in the Circuit Court.