COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


IRVIN E. COLEMAN

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2871-97-2              JUDGE ROBERT P. FRANK
                                            JULY 20, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    James F. D'Alton, Jr., Judge

            Steven D. Benjamin (Betty Layne DesPortes;
            Benjamin & DesPortes, P.C., on briefs), for
            appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


    Irvin E. Coleman (appellant) appeals his conviction for

attempted murder after a jury trial. The jury also found

appellant guilty of robbery, malicious wounding and three counts

of use of a firearm during the commission of a felony. The

trial court ordered that the sentences for each offense run

consecutively. On appeal, appellant asserts that his conviction

for attempted murder is barred by the constitutional protection

against double jeopardy contained in the Fifth Amendment to the

United States Constitution.

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

# I. BACKGROUND

Reginald Vincent testified that he was driving home from his job at United Parcel Service (UPS) on the night of January 12, 1997 when he saw appellant in his backyard. As Vincent slowly drove past, appellant waved to Vincent. Vincent stopped the car, and appellant asked him for a ride to Pegram Street.

When appellant got into Vincent's car, he asked Vincent where he lived and if he lived alone. Vincent pointed to his house and told appellant that he had a roommate but the roommate was not at home. During the ride, appellant asked Vincent about his UPS uniform and asked Vincent if he made good money.

After dropping off appellant on Pegram Street, Vincent went home. Vincent heard a knock at the door, looked through the peephole and saw appellant. He opened the door and appellant asked him for a ride to Halifax Street. Vincent agreed to take appellant to Halifax Street, but told appellant that it would be a few minutes, he needed to go to the restroom.

Appellant came to the restroom door and pointed a gun at Vincent's face. Appellant told Vincent to get on the floor, and appellant held the gun on Vincent while he searched for Vincent's money.

Then, appellant told Vincent to stand up and push his pants down around his ankles. Appellant began backing away, and when he went around the corner, Vincent pulled his pants up and started into the hallway. As Vincent entered the hallway,

-

appellant began firing at him from a distance of eight to ten feet.  Vincent took two steps toward appellant in an attempt to knock the gun away, but he was shot in the arm, the wrist, the hand, both thighs and the groin.  After the shot to the groin, Vincent fell face first into the kitchen and the shooting stopped.  Ten seconds passed, during which there was no movement or sound, and, then, appellant walked up to Vincent.  Appellant stood over Vincent, straddled him, put the gun to Vincent's neck and fired the gun, shooting Vincent in the back of the head.

## II.  ANALYSIS

Appellant challenges his conviction for attempted murder on grounds that it violates the constitutional guarantee against double jeopardy found in the Fifth Amendment to the United States Constitution.[1]

The Double Jeopardy Clause insures that an accused is not "subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  "This constitutional guarantee is applicable to the States through the Due Process Clause of the Fourteenth Amendment."  Illinois v. Vitale, 447

---

[1] Appellant's Question Presented was:  "Was the evidence sufficient to support convictions of malicious wounding and attempted murder arising from one transaction?"  Since the thrust of appellant's argument centered on a double jeopardy challenge and he included the "single transaction" language in his Question Presented, we find that he has not defaulted on this issue.

-

U.S. 410, 415 (1980) (citing Benton v. Maryland, 395 U.S. 784 (1969)).

The United States Supreme Court has interpreted the Double Jeopardy Clause to include three protections for an accused: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense.  See North Carolina v. Pearce, 395 U.S. 711, 717 (1969).  "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense."  Brown v. Ohio, 432 U.S. 161, 165 (1977) (citing Gore v. United States, 357 U.S. 386 (1958); Bell v. United States, 349 U.S. 81 (1955); Ex parte Lange, 18 Wall. 163 (1874)).

Appellant argues that the sentences for his convictions of attempted murder and malicious wounding are multiple punishments for the same offense, and, therefore, invokes the third protection under Pearce.

The "same offense" analysis set forth in Blockburger v. United States, 284 U.S. 299 (1932), is the proper test for constitutional double jeopardy.  In United States v. Dixon, 509 U.S. 688, 704 (1992), the United States Supreme Court rejected and overruled the "same conduct" test adopted in Grady v.

-

<u>Corbin</u>, 495 U.S. 508 (1990). The Court held that, unlike the <u>Blockburger</u> test, the <u>Grady</u> test lacks "constitutional roots" and "is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." <u>Id.</u>

In <u>Blockburger</u>, the United States Supreme Court held the "test to be applied to determine whether there are two offenses or only one is whether each [statutory] provision requires proof of an additional fact which the other does not." <u>Blockburger</u>, 284 U.S. at 304 (citing <u>Gavieres v. United States</u>, 220 U.S. 338, 342 (1911)). The application of the <u>Blockburger</u> test involves an abstract comparison of the two offenses independent of the specific facts of the particular case. See <u>Blythe v. Commonwealth</u>, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981) (citing <u>Whalen v. United States</u>, 445 U.S. 684, 694 n.8 (1979)). "It is the identity of the offense, and not the act, which is referred to in the constitutional guaranty against double jeopardy." <u>Epps v. Commonwealth</u>, 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975) (citing <u>Miles v. Commonwealth</u>, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964)). Therefore, under the <u>Blockburger</u> analysis, a defendant may not be convicted of both a greater and lesser included offense because the lesser-included offense "requires no proof beyond that which is required for conviction" of the greater offense. <u>Brown</u>, 432 U.S. at 168. The <u>Blockburger</u> test applies to simple statutory and common law

-

crimes.  See United States v. Jeffers, 532 F.2d 1101, 1109 (1976).

The elements of attempted murder are "a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of this criminal purpose."  Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977).  The required elements to establish malicious wounding are a malicious shooting, stabbing, cutting or wounding or bodily injury by any other means with the intent to maim, disfigure, disable or kill. Code § 18.2-51.  Therefore, in order to obtain a conviction for attempted murder the Commonwealth must establish that there was specific intent to kill and some overt but ineffectual act in furtherance of the intent to kill.  No wounding or bodily injury is required to establish attempted murder.  On the other hand, some type of injury, specifically a stabbing, shooting, cutting, or wounding, is required to prove malicious wounding.  Under the Blockburger test, the two offenses have different elements and, therefore, we hold that appellant's convictions of both attempted murder and malicious wounding are not violative of the constitutional protection against double jeopardy.

Appellant relies on Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145-46 (1981), for the proposition that malicious wounding is a lesser-included offense of attempted murder.  Brown was charged with malicious wounding and attempted murder.  See id. at 113, 279 S.E.2d at 143.  The evidence, as

-

recited by the Court, was that Brown shot Dennis Keen once in the leg.  See id. at 113, 279 S.E.2d at 144.  Then, Brown's friend, Wilson, ground Keen's wounded leg into the dirt, shot and beat him.  See id.  The Court's recitation of the facts did not indicate that Brown fired more than one shot at Keen.[2]  See id.  It was the Commonwealth's Attorney, at trial, who argued that Brown fired more than one shot.  See id.

The jury returned a conviction for assault and battery under the attempted murder indictment and a conviction for unlawful wounding under the malicious wounding indictment.  See id. at 113, 279 S.E.2d at 143.  Brown challenged his convictions on the basis that both offenses arose out of the single shooting by Brown.  See id. at 112, 279 S.E.2d at 143.  On appeal, the Attorney General argued that the attempted murder charge arose from Brown's shooting of the victim and the malicious wounding charge arose from Brown's status as a principal in the second degree to Wilson's actions.  See id. at 114-15, 279 S.E.2d at 144-45.  The Supreme Court rejected the Attorney General's argument and stated that it was clear that at trial the Commonwealth relied on the same facts to convict Brown of both charges.  See id.

---

[2] Additionally, in its dictum, the Court presupposed that Brown only fired one shot.  See id. at 116, 279 S.E.2d at 145-46.

-

The Supreme Court reversed the conviction of assault and battery and affirmed the conviction of unlawful wounding on the basis that both assault and battery and unlawful wounding are lesser-included offenses of malicious wounding.  See id. at 116, 279 S.E.2d at 145.  The conviction of unlawful wounding "barred the defendant's further conviction of all other offenses of a higher grade and of any lesser included offense encompassed by the malicious wounding indictment."  See id.

Brown, therefore, is consistent with the constitutional protection against double jeopardy in that Brown's conviction of the lesser-included offense of unlawful wounding precluded conviction of any greater or lesser-included offense of malicious wounding, including assault and battery.

Appellant's reliance on Brown is based on the Court's dictum following the lesser-included offense analysis.  The Court stated, "It is our conclusion that the court should have instructed the jury that if it found the defendant guilty under either the indictment which charged attempted murder or that which charged malicious wounding, it should not consider further the other indictment."  Id. at 116, 279 S.E.2d at 145-46.

We do not believe the Court's dictum is relevant to its holding that the conviction of one lesser-included offense precludes additional convictions of all other lesser and greater included offenses.  Further, we believe that any implication

-

derived from the dictum was resolved by the Court six months later in Blythe, 222 Va. 722, 284 S.E.2d 796.

In Blythe, the defendant was charged with unlawful wounding and murder after he stabbed his mother's boyfriend during a domestic dispute. See id. at 724, 284 S.E.2d at 797. A jury convicted the defendant of voluntary manslaughter and unlawful wounding. See id. The trial court ordered that the defendant serve the sentences for the two convictions consecutively. See id. Blythe argued that constitutional and statutory double jeopardy protections applied since he was convicted of and sentenced for both charges. See id. The Court rejected the statutory double jeopardy argument based on Code § 19.2-294 because manslaughter is a common law, not statutory, offense. See id. at 724-25, 284 S.E.2d at 797. Blythe's constitutional argument was grounded in the "singularity of his criminal act" and the "sameness of the evidence supporting his convictions." Id. at 725, 284 S.E.2d at 797. Blythe argued that the unlawful wounding charge was a lesser-included offense of the murder charge and his conviction of voluntary manslaughter satisfied the "same evidence" test for determining the identity of offenses under a constitutional double jeopardy analysis. See id. The Court applied the Blockburger test to determine if it was the legislature's intent to punish the offenses cumulatively, and held that the charges were separate offenses and one was not a lesser-included offense of the other.

-

See _id._ at 726, 284 S.E.2d at 798.  The Court's rationale was that the unlawful wounding charge required evidence of a shooting, stabbing, cutting or wounding, but the murder charge did not require such proof because murder may be accomplished by other means.  See _id._

We believe that the holding in _Blythe_ is dispositive of this case as attempted murder does not require evidence of a shooting, stabbing, cutting or wounding.

In his Question Presented and in his brief, appellant asserts that the charges for attempted murder and malicious wounding were part of the "same transaction," and are barred on the basis of double jeopardy.  As discussed above, the _Grady_ "same conduct" test for constitutional double jeopardy was overruled by the United States Supreme Court; therefore, we believe appellant is attempting to invoke the statutory protection afforded an accused under Code § 19.2-294.  Code § 19.2-294 in pertinent part states:

> If the same act be a violation of two or
> more statutes, or of two or more ordinances,
> or of one or more statutes and also one or
> more ordinances, conviction under one of
> such statutes or ordinances shall be a bar
> to a prosecution or proceeding under the
> other or others.  Furthermore, if the same
> act be a violation of both a state and
> federal statute a prosecution under the
> federal statute shall be a bar to a
> prosecution under the state statute.

Code § 19.2-294 is limited to violations of two or more statutory offenses.  See _Blythe_, 222 Va. at 725, 284 S.E.2d at

-

797. Appellant was charged with a violation of a statutory offense, malicious wounding, and a common law offense, attempted murder. Therefore, we hold that Code § 19.2-294 is inapplicable to appellant's case.

For these reasons, we hold that appellant's convictions for malicious wounding and attempted murder are not barred by the constitutional protections against double jeopardy. We also find that the statutory protection found in Code § 19.2-294 is inapplicable because attempted murder is a common law crime. We, therefore, affirm the convictions.

Affirmed.

Benton, J., dissenting.

In Brown v. Commonwealth, 222 Va. 111, 279 S.E.2d 142 (1981), the defendant was separately indicted for "the attempted murder of Dennis Ellis Keen, . . . the malicious wounding of Dennis Ellis Keen," and other offenses.  Those charges flowed from an incident in which the defendant fired "two shots . . . at Keen" during an altercation.  See id. at 113, 279 S.E.2d at 143.  Following convictions on lesser-included offenses under both the attempted murder indictment and the malicious wounding indictment, the Supreme Court reversed one of the convictions.  The Court ruled as follows:

> It is our conclusion that the [trial judge] should have instructed the jury that if it found the defendant guilty under either the indictment which charged attempted murder or that which charged malicious wounding, it should not consider further the other indictment.  Therefore, we will affirm the defendant's conviction of unlawful wounding [, which was the lesser-included conviction under the malicious wounding indictment,] and reverse his conviction of assault and battery [, which was the lesser-included conviction under the attempted murder indictment].  The indictment charging defendant with the attempted murder of Dennis Ellis Keen will be dismissed, and Brown's conviction of assault and battery thereunder will be vacated, and the jail sentence and fine imposed on him will be set aside.

Id. at 116, 279 S.E.2d at 145-46.

The evidence in this case proved Irvin E. Coleman shot Reginald Vincent seven times after robbing him of his property.

-

Among other charges, Coleman was indicted for malicious wounding and attempted murder. Over Coleman's objection, the trial judge entered the jury's verdict on both convictions.

The malicious wounding statute provides as follows:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 Felony.

Code § 18.2-51. "To sustain a conviction of attempted murder, the evidence must establish both a specific intent to kill the victim and an overt but ineffectual act committed in furtherance of this criminal purpose." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). Thus, every wounding accomplished in the same transaction with the intent to kill constitutes an offense containing the same elements as attempted murder. See Brown, 222 Va. at 116, 238 S.E.2d at 145-46. See also Buchanan v. Commonwealth, 238 Va. 389, 414-15, 384 S.E.2d 757, 772-73 (1989).

"[T]he Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment." Brown v. Ohio, 432 U.S. 161, 166 (1977) (footnote omitted). In Virginia, the elements of malicious wounding and attempted murder clearly establish that those crimes constitute the same offense for purposes of the Double Jeopardy Clause. "For it is clearly not the case that 'each [statute] requires proof of a fact which the other does not.'" Brown, 432 U.S. at 168 (citation omitted).

-

Indeed, the Supreme Court of Virginia's decision in Brown

establishes that proposition.  See 222 Va. at 116, 279 S.E.2d at

145-46.

> As is invariably true of a greater and
> lesser included offense, the lesser offense
> . . . requires no proof beyond that which is
> required for a conviction of the
> greater . . . .  The greater offense is
> therefore by definition the "same" for
> purposes of double jeopardy as any lesser
> offense included in it.

Brown, 432 U.S. at 168.

For these reasons, I would hold that the trial judge should

have imposed the fourteen-year sentence and $5,000 fine on the

malicious wounding conviction and set aside the ten-year

sentence for attempted murder.

-