COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


RONNIE ANTJUAN VAUGHN
                                         OPINION BY
v.    Record No. 2694-99-2      JUDGE JERE M. H. WILLIS, JR.
                                        JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Margaret P. Spencer, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender; Office of
            the Public Defender, on brief), for
            appellant.

            Shelly R. James, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Ronnie Antjuan Vaughn was convicted of unlawful wounding in

violation of Code § 18.2-51.  On appeal, Vaughn argues that the

trial court erred in refusing to instruct the jury on the

lesser-included offense of assault and battery.  Finding the

evidence sufficient to support the granting of the

lesser-included offense instruction, we reverse.

---

     [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

## I.   BACKGROUND

On appeal, when we consider a trial court's refusal to give a proffered instruction, "the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to [the proponent of the instruction, in this case, Vaughn]." Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992) (citations omitted).

So viewed, the evidence discloses that the victim, Samuel Robinson, was married to Vaughn's aunt, Tyra Vaughn Robinson (Tyra), with whom he lived at Vaughn's grandmother's house. Vaughn lived across the street. On April 12, 1997, Vaughn told Robinson that he had seen a man named "Mark" visiting Tyra at the grandmother's house while Robinson was at work. Robinson became concerned because Tyra had an old boyfriend named Mark.

Robinson called Tyra and told her to come home because he wanted to talk to her. While Robinson was talking to Tyra on the telephone, Vaughn came from across the street. Vaughn was upset that Robinson had discussed the matter with Tyra, and the two men began arguing.

Vaughn and Robinson walked across the street to Vaughn's house. Robinson testified that on the way across the street, Vaughn said "he'd get his four five and could take care of [Robinson]." Robinson understood that Vaughn was referring to a .45 caliber handgun and this angered Robinson further. The men

continued to yell at each other as Vaughn stood on the front porch of his residence, approximately five feet away from Robinson, who remained on the sidewalk.  Robinson subsequently returned to the other side of the street, but the men continued to argue and exchange profanities.

Robinson and Vaughn were still arguing when Tyra returned home.  Robinson stopped yelling at Vaughn.  He and Tyra walked down the street where they reconciled their mutual concerns.  Tyra testified that Robinson had calmed down by the time they returned to Vaughn's grandmother's house.

Tyra testified that as she and Robinson approached the grandmother's house, she saw Vaughn coming from across the street and noticed that he had a gun.  She called out, "Ronnie, no," but Vaughn ignored her and said to Robinson, "what the f--- you say now, what you say now."  Vaughn then began firing the gun at Robinson's feet.  Robinson was struck in the ankle with a bullet and fled.  Vaughn followed for a short distance and fired at least one more shot, striking Robinson in the back.  Vaughn then returned to his house.

Robinson was unarmed during the confrontation with Vaughn. He denied threatening or striking Vaughn.

Vaughn testified to a different version of the events.  He testified that Robinson threatened to beat and kill him.  He said that he called a friend to take him away from the scene, but the friend explained, upon arrival, that his car was full.

Instead of giving Vaughn a ride, the friend gave him a handgun. Vaughn stated that shortly after his friend left, Robinson charged him. He testified that he fired at the ground in order to stop Robinson because of the disparity in their sizes[1] and the "lethal" nature of Robinson's hands. Vaughn stated that he ultimately fired at waist level, but he denied intending to shoot Robinson.

The trial court instructed the jury on malicious wounding and on the lesser-included offense of unlawful wounding. It refused Vaughn's request for an instruction on the lesser-included offense of assault and battery. Vaughn was convicted of unlawful wounding.

## II. ANALYSIS

Assault and battery is a lesser-included offense of malicious wounding. See Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981). "'If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error.' 'Such an instruction, however, must be supported by more than a mere scintilla of evidence.'" Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 564 (1993) (quoting Boone, 14 Va. App. at 132, 415 S.E.2d at 251). "[T]he weight of the credible

---

[1] Robinson is six feet, one inch tall and weighs three hundred pounds. Vaughn is five feet, three inches tall and weighs one hundred sixty pounds.

evidence that will amount to more than a mere scintilla of evidence is a matter to be resolved on a case-by-case basis." Id. at 412, 430 S.E.2d at 565.

A required element of both malicious and unlawful wounding is the "intent to maim, disfigure, disable, or kill" the victim. Code § 18.2-51. "An assault is any attempt or offer, with force or violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution." 2A Michie's Jurisprudence, Assault and Battery § 2 (1992); see Johnson v. Commonwealth, 13 Va. App. 515, 517, 412 S.E.2d 731, 732 (1992). "Battery is the actual infliction of corporal hurt on another . . . willfully or in anger . . . ." Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946). One cannot be convicted of assault and battery "without an intention to do bodily harm," but an intent "to maim, disfigure, disable, or kill" is unnecessary to the offense. See Boone, 14 Va. App. at 133, 415 S.E.2d at 252 (citation omitted).

Vaughn testified that although he fired the gun, he did not intend to shoot Robinson. He argued that he merely shot at the ground in order to stop Robinson from hurting him. From his testimony, the jury could have found that Vaughn acted only with the intent to do Robinson bodily harm to deter his attack, and not with the specific intent "to maim, disfigure, disable, or kill" him.

The Commonwealth argues that the deliberate use of a deadly weapon imports an inference of an "intent to maim, disfigure, disable, or kill." However, while such evidence will support, it does not compel, such an inference. The bare use of a deadly weapon, without attendant circumstances suggesting an "intent to maim, disfigure, disable, or kill," is insufficient to prove that intent as a matter of law.

Thus, evidence was before the jury that, if believed, supported an instruction on the lesser-included offense of assault and battery. The jury should have been instructed that unless Vaughn intended "to maim, disfigure, disable, or kill" Robinson, he could be found guilty only of the lesser-included offense of assault and battery.

Accordingly, we hold that the trial court erred in refusing to instruct the jury on the lesser-included offense of assault and battery. We reverse the judgment of the trial court and remand the case for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

Coleman, J., dissenting.

The evidence, viewed in the light most favorable to the defendant Vaughn, proves that he shot Robinson twice with a deadly weapon, once in the ankle and once in the back. On those facts, a reasonable fact finder cannot conclude, in my opinion, that if Vaughn intentionally shot Robinson, which is required to justify giving an assault and battery instruction, that Vaughn only intended "an unlawful touching" or simple assault and battery and did not intend either to maim or disable his victim. For that reason, I respectfully dissent from the majority opinion.

Unquestionably, assault and battery is a lesser-included offense of malicious wounding. See Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981). However, a court is not required to instruct a jury on every lesser-included offense. See, e.g., Buchanan v. Commonwealth, 238 Va. 389, 409, 384 S.E.2d 757, 769 (1989); Brandau v. Commonwealth, 16 Va. App. 408, 413, 430 S.E.2d 563, 565-66 (1993). In order to require a lesser-included offense instruction, "more than a mere scintilla of evidence" must support giving the lesser-included offense instruction. See Brandau, 16 Va. App. at 411, 430 S.E.2d at 564.

Viewed in the light most favorable to the defendant, the evidence as to how the shooting occurred supports two possible views and legal theories, either of which is insufficient, in my

opinion, to justify granting the proffered assault and battery jury instruction. First, one view of the evidence is that Vaughn intentionally fired the gun in Robinson's direction but that he accidentally shot Robinson intending only to scare him. Vaughn testified to this version and asked us to accept that view of the case. A second theory is that he intentionally shot Robinson. Although Vaughn does not ask us to accept this account, it is fundamental to his argument that the court should have instructed on assault and battery. Under the first theory, that the shooting was accidental and intended only to scare Robinson, an assault and battery instruction would not be justified, in my opinion, because the requisite specific intent to commit a battery is necessarily absent if the shooting was accidental. Under the second theory, an assault and battery instruction would not be justified because intentionally shooting or wounding another with a firearm would, in my opinion, only justify malicious and unlawful wounding instructions. Accordingly, under either of the two possible theories, the evidence fails to support granting an instruction on simple assault and battery. Thus, I would affirm the trial court's ruling and the unlawful wounding conviction.

Here, according to Vaughn's theory, the evidence proved that he fired several shots into the ground in the direction of Robinson's feet and fired a single shot in Robinson's general direction as Robinson was moving away, intending only to scare

Robinson and not intending to shoot or wound him.  Nevertheless, one shot struck Robinson in the ankle and the last shot struck him in the back.  Vaughn testified that, before firing the shot that struck Robinson in the back, he raised the gun to waist level.  Vaughn also testified that he knew that Robinson was not armed.

On the foregoing facts, the primary theory advanced by Vaughn is that he accidentally shot and wounded Robinson.  Proof that the shooting was accidental establishes only that Vaughn committed a simple assault; such evidence does not prove that Vaughn committed a battery because no intentional touching, wounding, or shooting of the victim occurred.  "One cannot be convicted of assault and battery 'without an intention to do bodily harm -- either an actual intention or an intention imputed by law . . . .'"  Boone v. Commonwealth, 14 Va. App. 130, 133, 415 S.E.2d 250, 251 (1992).  "A battery is an unlawful touching of another. . . .  Whether a touching is a battery depends on the intent of the actor, not on the force applied."  Adams v. Commonwealth, 33 Va. App. 463, 468-69, 534 S.E.2d 347, 350 (2000) (citation omitted).  "'[T]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'"  Id. at 469, 534 S.E.2d at 350 (citation omitted).  Accordingly, where Vaughn claims he only intended to scare Robinson and did not intend to shoot or wound him, Vaughn would not be entitled,

in my opinion, to have the jury instructed on assault and battery.  See Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987) (holding that shooting at a person intending only to scare the person where no touching or wounding occurs supports instructing the jury on simple assault).

A second theory supported by the evidence is that Vaughn intentionally shot Robinson, once in the ankle and once in the back.  Vaughn argues that he was entitled to a lesser-included assault and battery instruction because a fact finder could reasonably conclude that when he twice shot Robinson, he "acted only with the intent to do Robinson bodily harm to deter his attack, and not with the specific intent 'to maim, disfigure, disable, or kill.'"  The majority accepts this rationale as its ratione decidendi and relies upon our holding in Boone, 14 Va. App. at 133, 415 S.E.2d at 252, to support its conclusion.  I disagree that a fact finder could reasonably conclude that a person who intentionally shot another person could have the intent to commit only a simple assault and battery.

In Boone, we reversed and remanded a malicious wounding conviction for failure to give a lesser-included assault and battery instruction where Boone admitted he beat the victim with "a two by four" board but testified he "didn't mean to hurt" the victim, he just "panicked" when the victim "came onto" him with homosexual advances.  In explaining why an assault and battery instruction was required in Boone we said, "[o]ne cannot be

convicted of assault and battery 'without an intention to do bodily harm -- either an actual intention or an intention imputed by law,' but an intent to maim, disfigure or kill is unnecessary to the offense."  14 Va. App. at 133, 415 S.E.2d at 251 (emphasis added).  Striking a person with a board, depending upon the circumstances, may be either simple assault and battery or may be unlawful or malicious wounding depending upon the perpetrator's intent.  In Boone the evidence would have permitted the fact finder to conclude that Boone delivered the blows with an intent to do bodily harm but not necessarily with the intent to maim, disable, disfigure, or kill and, thus, the evidence required that the jury be instructed on misdemeanor assault and battery.

Boone, however, is distinguishable from the instant case. Where, as here, a person intentionally shoots an individual twice with a deadly weapon, the evidence proves, at a minimum, that the person intended to disable or inflict serious bodily injury upon the person.  Intentionally shooting a person, other than in self-defense, does, in my opinion, necessarily prove an intent to maim or disable the victim.  The facts and our holding in Brandau, 16 Va. App. 408, 430 S.E.2d 563, are analogous to the circumstances of the instant case and should control the result here.

In Brandau, we held that the trial court did not err by refusing to give a lesser-included assault and battery

instruction in an attempted murder prosecution.  Brandau testified that he was merely trying to scare the person at his door, who he did not know to be a police officer, when he intentionally emptied his gun through the door at a height positioned to strike a person standing outside his door.  The shots wounded the police officer standing behind the door. Brandau argued that he was entitled to an assault and battery instruction, because if the jury believed his testimony that he intended only to scare the person, it could have found that he did not intend to kill the officer.  In upholding the denial of an assault and battery instruction, we held that the only conclusion that reasonably could be reached, on those facts and circumstances, was that by intentionally shooting at the person several times, Brandau intended to kill the officer.  We said that "no more than a mere scintilla of evidence" supported Brandau's contention that he only intended to scare the person at his door.  Id. at 412-15, 430 S.E.2d at 565-67.

Similarly, in the instant case, proof that Vaughn intentionally shot Robinson in the ankle and in the back supports only the conclusion that he intended to maim or disable Robinson or inflict serious bodily injury to him.  Shooting a person twice with a deadly weapon, with one of the shots being in the back, does not warrant giving a misdemeanor assault and battery instruction.  In my opinion, the evidence could not

reasonably support a conclusion that Vaughn only intended to do "bodily injury, however slight" to Robinson.

For these reasons, I would affirm the unlawful wounding conviction.