## Richmond

STANLEY BOONE

v.

COMMONWEALTH OF VIRGINIA

No. 0114-91-1

Decided March 24, 1992

COUNSEL

Alison M. Bradner (Office of the Public Defender, on briefs), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

**BRAY, J.**—Stanley Lee Boone (defendant) was convicted of malicious wounding and sentenced to twenty years imprisonment in accordance with the jury's verdict.[1] He contends on appeal that the trial court erred in refusing to instruct the jury on the lesser included offense of assault and battery. We agree and reverse the conviction.

Although the Commonwealth prevailed at trial, the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to the defendant. *Martin v. Commonwealth*, 13 Va. App. 524, 526, 414 S.E.2d 401, 401 (1992) (citing *Blondel v. Hays*, 241 Va. 467, 469, 403 S.E.2d 340, 341 (1991)).

The evidence discloses that Joseph Trower (Trower) encountered defendant, a stranger, at the Virginia Beach oceanfront and requested defendant's "help . . . with [Trower's] wheelchair." Trower offered defendant a beer, and, while the two men drank in Trower's car, defendant expressed a need for "some tools to get [his] car started." Trower responded that he "had some tools at

---

[1] Defendant was also convicted of robbery but does not appeal that conviction.

home" and volunteered to "take [defendant] over there." Defendant accepted the offer, but, instead, Trower drove to a "shed" behind a "friend's house."

Defendant testified that after the two men entered the "shed," Trower "pulled out a gun" and ordered defendant "to drop [his] pants" and engage in oral sodomy. Defendant recalled that he then "just lost [his] mind" and began to beat Trower with "a two by four" board, severely injuring him. Defendant claimed, however, that he "didn't mean to hurt" Trower, but "panicked" when Trower "came onto" him.

Trower denied any homosexual advances and testified that defendant attacked and robbed him without provocation.

At the conclusion of the evidence, defendant proffered an instruction on assault and battery, a misdemeanor. The trial judge refused this instruction, but approved an instruction on unlawful wounding. *See* Code § 18.2-54.

■ Assault and battery is a lesser included offense of malicious wounding. *Brown v. Commonwealth*, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981); Code § 18.2-54. If any credible evidence in the record supports a proffered instruction on a lesser included offense, failure to give the instruction is reversible error. *McClung v. Commonwealth*, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975); *Taylor v. Commonwealth*, 186 Va. 587, 591, 43 S.E.2d 906, 908 (1946); *Taylor v. Commonwealth*, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991); *Bellfield v. Commonwealth*, 11 Va. App. 310, 313, 398 S.E.2d 90, 93 (1990); *Miller v. Commonwealth*, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987). Such an instruction, however, must be supported by more than a mere scintilla of evidence. *Buchanan v. Commonwealth*, 238 Va. 389, 409, 384 S.E.2d 757, 769 (1989), *cert. denied*, 493 U.S. 1063 (1990); *Miller*, 5 Va. App. at 24, 359 S.E.2d at 842.

■ An element necessary to both malicious and unlawful wounding is the "intent to maim, disfigure, disable, or kill" the victim. Code § 18.2-51. Assault and battery, however, requires proof of "an overt act or an attempt . . . with force and violence, to do physical injury to the person of another," "whether from *malice* or from *wantonness*," together with "the *actual infliction of corporal hurt* on another . . . *wilfully or in anger.*" *Jones v.*

*Commonwealth*, 184 Va. 679, 681-82, 36 S.E.2d 571, 572 (1946); *Merritt v. Commonwealth*, 164 Va. 653, 658, 180 S.E. 395, 397 (1935); *Wood v. Commonwealth*, 149 Va. 401, 404, 140 S.E. 114, 115 (1927). One cannot be convicted of assault and battery "without an intention to do bodily harm — either an actual intention or an intention imputed by law," but an intent to maim, disfigure or kill is unnecessary to the offense. *Davis v. Commonwealth*, 150 Va. 611, 617, 143 S.E. 641, 643 (1928).

In the instant case, defendant admitted beating Trower, but repeatedly denied any intent to injure him. The Commonwealth urged the jury to infer an "intent to maim, disfigure, disable, or kill" from defendant's conduct. *See Martin*, 13 Va. App. at 527, 414 S.E.2d at 402; *Hargrave v. Commonwealth*, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974). From defendant's testimony, however, the jury reasonably could have concluded instead that defendant acted only with the intent "to do [Trower] bodily harm," albeit with malice. *See Davis*, 150 Va. at 617, 143 S.E. at 643.

We recognize that "an intent to maim, disfigure or kill may be presumed" when an attack is "attended with . . . violence and brutality." *Fletcher v. Commonwealth*, 209 Va. 636, 640-41, 166 S.E.2d 269, 273 (1969) (citations omitted). Accordingly, the jury was properly instructed that it could "infer that every person intends the natural and probable consequences of his acts." This inference, however, is not conclusive, and the jury reasonably could have determined that it was inapplicable to these facts or overcome by defendant's testimony.

The jury was instructed that the Commonwealth had the burden of proving beyond a reasonable doubt that defendant wounded Trower with the "intent to maim, disfigure, disable, or kill" him. They were not instructed, however, that defendant could be convicted of a lesser offense in the absence of this intent. The jury was thus "given the impermissible choice of drawing the conclusion" either that defendant intended to maim, disfigure, disable, or kill Trower, with or without malice, and was thus guilty of either malicious or unlawful wounding, or that he did not possess this intent "and was not guilty of any offense." *Martin*, 13 Va. App. at 529, 414 S.E.2d at 403-04. The jury was denied the opportunity to assess the evidence as it related to assault and battery, an offense that may be accompanied by malice, but does not

require the intent to maim, disfigure or kill.

■ The jury has the right to "reject that part of the evidence believed by them to be untrue and to accept that found by them to be true. In so doing, they have broad discretion in applying the law to the facts and in fixing the degree of guilt, if any, of a person charged with a crime." *Bellfield v. Commonwealth*, 11 Va. App. 310, 315, 398 S.E.2d 90, 93 (1990) (quoting *Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986)). Credible evidence was before the jury that, if believed, supported an instruction on assault and battery, and "[i]t is immaterial that the jury might have rejected the lesser-included offense." *Barrett*, 231 Va. at 107, 341 S.E.2d at 193.

Accordingly, defendant's conviction is reversed and this case remanded to the trial court for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Willis, J., concurred.