COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


WILLIAM L. McKEITHAN

v.          Record No. 1960-94-2          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       APRIL 2, 1996


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Thomas N. Nance, Judge

          Patricia P. Nagel, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          John Byrum (James S. Gilmore, III, Attorney
          General; Thomas C. Daniel, Assistant Attorney
          General, on brief), for appellee.


     William L. McKeithan (defendant) was convicted by a jury for

second degree murder.  On appeal, defendant complains that the

trial court erroneously refused to instruct the jury on the

lesser included offense of voluntary manslaughter.  We disagree

and affirm the judgment of the trial court.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

     In reviewing the ruling of the trial court, we consider the

evidence relating to the disputed instruction in the light most

favorable to defendant.  Martin v. Commonwealth, 13 Va. App. 524,

526, 414 S.E.2d 401, 401 (1992) (en banc).  The refusal of the

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

proffered instruction is reversible error, provided it was supported by "more than a mere scintilla of evidence." Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992). "[T]he weight of the credible evidence that will amount to more than a mere scintilla of evidence is a matter to be resolved on a case-by-case basis." Brandau v. Commonwealth, 16 Va. App. 408, 412, 430 S.E.2d 563, 565 (1993).

On the morning of April 19, 1994, Tasheana[1] Lashell Ricks, then ten years of age, discovered the body of her mother, Sheila Ricks (decedent), on the floor of decedent's bedroom. A forensic pathologist testified that the body was covered with "bed clothes . . . partially soaked" with ammonia. A blood-stained baseball bat was discovered "underneath [a] dresser," approximately two feet from the decedent's body. The subsequent autopsy identified "blunt trauma to the head and face," inflicted by "some heavy blunt object," "consistent" with a baseball bat, as the cause of death. A related analysis of decedent's body chemistries revealed a blood alcohol concentration of .16 and "breakdown products of cocaine."

During the preceding evening, Tasheana, decedent, and defendant had watched television together. Tasheana retired at approximately 9:00 p.m. and was awakened by someone pressing a towel, which smelled of ammonia, against her mouth and nose. Tasheana successfully resisted the attack and recognized

[1]Also spelled in the record "Tasheena."

defendant's voice when the assailant uttered an obscenity.  Later that evening, Tasheana observed defendant pass her door and enter decedent's room, leaving "foot print[s] in blood."  Tasheana recalled that she once witnessed defendant strike decedent and, on another occasion, heard him threaten decedent's life.  She also testified that the baseball bat was not usually kept in decedent's room.

"'Every malicious homicide is murder.  Manslaughter, on the other hand, is the unlawful killing of another without malice.'"  Jenkins v. Commonwealth, 244 Va. 445, 457, 423 S.E.2d 360, 368 (1992), cert. denied, 507 U.S. 1036 (1993) (citation omitted).  "To reduce a homicide from murder to voluntary manslaughter, the killing must have been done in the heat of passion and upon reasonable provocation."  Barrett v. Commonwealth, 231 Va. 102, 105-06, 341 S.E.2d 190, 192 (1986).  "Malice and heat of passion are mutually exclusive; malice excludes passion and passion presupposes the absence of malice."  Id. at 106, 341 S.E.2d at 192.

Defendant contends that the violence which precipitated decedent's death, together with the evidence of their turbulent relationship and the presence of alcohol and drugs in her body, infers that he killed decedent without malice, acting upon reasonable provocation and with passion.  To the contrary, however, the brutality of the crime, the assault on Tasheana, and other circumstances in evidence clearly proved a malicious act,

with no suggestion of the provocation or passion necessary to voluntary manslaughter.

Accordingly, we find no evidence in the record to justify a voluntary manslaughter instruction, and affirm the conviction.

<u>Affirmed.</u>