COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


TED MICHAEL STALLINGS, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 0609-99-3            JUDGE MARVIN F. COLE
                                        MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                    Charles J. Strauss, Judge

            (Jesse W. Meadows, III, on brief), for
            appellant.  Appellant submitting on brief.

            Marla Graff Decker, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Appellant was convicted of felonious assault and battery of a

police officer in violation of Code § 18.2-57(C).[1]  On appeal,

appellant contends that the trial court erred in finding the

evidence sufficient to prove that he intentionally struck the

police officer.  We disagree and affirm.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Simple assault and battery is a Class 1 misdemeanor,
punishable by a jail sentence of up to twelve months and a fine
of not more than $2,500, either or both; assault and battery of
a police office is a Class 6 felony punishable by a term of
imprisonment of not less than one year nor more than five, which
shall include a mandatory minimum term of six months confinement
which shall not be suspended, in whole or in part.

FACTS

Uniformed Deputy Lumpkin was on duty at a county fair when some citizens reported to him that a woman was attempting to help an intoxicated man leave the fairgrounds and go to the parking lot. Lumpkin went to investigate and saw Pam Murphy helping appellant. While Murphy went to get her car, Lumpkin and Deputy Motley assisted appellant to the front gate and waited with him because appellant was having difficulty standing without assistance. Lumpkin testified that appellant was cursing and "kept trying to get up, and away from the [officers]." There were several vehicles driving in the area, and the officers "were just keeping him out of traffic."

After Murphy brought the car from the parking lot, Lumpkin opened the door and put appellant inside the car, torso first. Lumpkin testified that the following then occurred:

> At that point I had [appellant's] hands, and let go of one of his arms and put his legs in the car. When I got ready to, [I] turn[ed] loose of his arms to back up and shut the door, I was standing inside the open door, he said something, I don't know exactly what it was, and [he] took his right hand and swung sideways and hit me in the mouth.

Lumpkin also testified that appellant turned his head, looked at him, raised his hand and hit him with the "knuckle portion" of his right hand. Lumpkin said that during the entire incident appellant was cursing and trying to pull away from the officers. After appellant was arrested for assault and battery upon a

-

police officer and taken to a police car, he continued to curse and tried to kick the windows out of the car.

Motley testified that after appellant was placed in Murphy's car, appellant continued to curse and say that he wanted to be left alone and that he wanted to stay at the fair. Motley was standing behind Lumpkin and saw appellant hit Lumpkin.  However, Motley could not see whether appellant's hand was open or in a fist.

Deputy Barrett went to assist Lumpkin and Motley.  He testified that appellant turned, looked at Lumpkin and hit him in the face.  Barrett could not see if appellant hit Lumpkin with a fist or with an open hand.  Barrett also testified that appellant was cursing during the entire incident.

Murphy testified that after Lumpkin put appellant into her car, she told appellant to fasten the shoulder strap seat belt. Murphy said that she thought that appellant was reaching for the seat belt, but then she saw appellant being taken from the car. Murphy also testified that she never saw appellant strike Lumpkin and did not hear appellant say anything to the officers while they were putting him into her car.

Appellant testified that he had consumed "a fifth" of tequila prior to the incident and did not recall what happened.

## SUFFICIENCY OF THE EVIDENCE

On appeal, appellant argues that the evidence does not exclude the reasonable hypothesis of innocence that he

-

accidentally struck the officer while reaching for his shoulder seat belt.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

"One cannot be convicted of assault and battery 'without an intention to do bodily harm - either an actual intention or an intention imputed by law' . . . ." Boone v. Commonwealth, 14 Va. App. 130, 133, 415 S.E.2d 250, 251 (1992) (citation omitted). "'Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.'" Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citations omitted). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983) (citations omitted). Whether a hypothesis of innocence is reasonable is a question of fact. See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

The evidence proved that the appellant was intoxicated, belligerent and resistant while Lumpkin was assisting him. The Commonwealth's witnesses testified that throughout the entire

-

incident, appellant was cursing, "trying to pull away" and "wanting to stay" at the fair.  After appellant was in the car, he turned his head, looked at the uniformed officer and said something to the officer.  Appellant then raised his hand and hit the officer with the "knuckle portion" of his right hand.  After appellant was arrested, he continued to curse and tried to kick the windows from the officer's car.  Murphy, who was seated in the driver's seat, testified that appellant said nothing while being placed in the car and that she did not see appellant raise his hand.  However, the three officers testified that appellant was cursing and resistant.  Lumpkin and Barrett testified that appellant turned his head and looked at Lumpkin before appellant hit Lumpkin in the mouth.  Based upon appellant's actions and statements, the trial court did not err in finding that appellant intended to strike the police officer.  According, we affirm appellant's conviction of assault and battery of a police officer.

Affirmed.

-