COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Olitsky[*]
Argued at Richmond, Virginia


EARL C. MAYE, JR.

v.    Record No. 2311-98-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE ROBERT J. HUMPHREYS
AUGUST 29, 2000

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Douglas M. Atkins (Bourdow & Bowen, P.C., on
brief), for appellant.

Virginia B. Theisen, Assistant Attorney
General (Mark L. Earley, Attorney General;
Jeffrey S. Shapiro, Assistant Attorney
General, on brief), for appellee.


Earl C. Maye, Jr. appeals his conviction for malicious wounding.  He argues that the trial court erred when it refused to grant his proposed jury instruction regarding the elements of malicious wounding and unlawful wounding, which incorporated the elements of assault and battery as a lesser-included offense. We agree and for the reasons that follow, we reverse the judgment of the trial court.

_____

[*] Retired Judge Norman Olitsky took part in the consideration of this case by designation pursuant to Code § 17.1-400, recodifying § 17-116.01.

[**] Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## I.   BACKGROUND

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to the disposition of this appeal.

At approximately 2:00 a.m., on February 22, 1997, Maye and Arthur Ingram were talking on Ingram's front porch about Maye's belief that Ingram "wanted to do something to him."  According to Ingram, Maye punched him in the face then turned to two companions and asked if they were "just going to stand there."  All three men began beating, kicking and punching Ingram.  During the fight, Ingram was stabbed in the chest and, according to Ingram, Maye said "[Y]ou're stabbed now . . . ."

According to the Commonwealth's evidence, Maye and his companions continued to strike Ingram as he walked down the street holding his chest.  Eventually, Ingram passed out in front of his house.  Ingram testified that Maye was the person who pulled out the knife and stabbed him.  Further, Ingram denied that he or the other two assailants had weapons.

Ingram was taken to the hospital where he underwent surgery. He suffered three separate stab wounds to the chest, one of which penetrated his heart.  As of the date of the trial, Ingram still suffered from chest pains because of the stabbing and displayed visible scars from the wounds and the surgery.

Ingram's sister testified that she came out of the house during the incident and saw Maye and two other men standing near

-

Ingram. She saw Maye kicking Ingram and heard Maye say, "You're cut Arthur." She begged Maye to stop and he and the others left.

On February 24, 1997, Detective Thomas Young talked to Ingram in the hospital while Ingram was still heavily sedated. Young testified that Ingram would "float in and out." Ingram told Young that Maye and two others attacked him. At that time, Ingram told Young that he did not see a knife.

Maye testified that on the night of the incident, he, Brian Redwine, Travis Moss, and another person were walking up the street and Ingram called to them from his porch and started to argue. Maye also testified that earlier that night he gave a knife to Redwine. Maye admitted that while he started a fight with Ingram and struck and kicked him several times, he did not encourage anyone else to participate. Maye said he pushed Redwine away and told him to get out of the fight and when he turned back around, Ingram was on the ground with blood on his shirt. Maye testified that he did not stab Ingram and that while he started the fight, he "did not want Ingram to get hurt, not like that bad."

## II. ANALYSIS

A trial court is "bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a 'scintilla of evidence' in the record." Bunn v. Commonwealth, 21 Va. App. 593, 599, 466 S.E.2d 744, 746 (1996) (citation omitted).

-

However, as stated above, the trial court refused Maye's proffered instruction which included the lesser-included offense of assault and battery.

The Commonwealth contends a jury instruction on assault and battery is inappropriate because the evidence in this case establishes that Maye actually stabbed Ingram or, at the very least, was criminally liable for his stabbing as a principal in the second degree. It argues that if Maye's version of the events was accepted by the jury, they would have to find Maye not guilty. We disagree.

When considering whether a trial court erred in refusing to give a proffered instruction, "we view the evidence with respect to the refused instruction in the light most favorable to the defendant." Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992). So viewed, we note that Maye admitted that he assaulted Ingram, but denied that he wanted to hurt him seriously, and denied stabbing him. Maye also denied any concert of action with anyone else involved in the incident. Thus, Maye's evidence, if believed by the jury, tended to prove that he did not participate as a principal in either the first or the second degree in the crimes of either malicious or unlawful wounding and could have established his guilt of assault and battery.

It is not our role, nor that of the trial court, to assess the credibility of Maye's evidence. That is the task of the

-

fact finder, which must be done in the context of instructions concerning the law applicable to any reasonable construction of the facts advanced by the parties in the case.  However, here, the fact finder was not able to adequately perform this task because the requested instruction, which was clearly supported by more than a "scintilla of evidence," was refused by the trial court.

The Commonwealth also suggests that any error in the failure to instruct on assault and battery as a lesser-included offense was harmless as a matter of law.  It bases this argument on its theory that in convicting Maye of malicious wounding, the jury necessarily rejected the lesser-included offense of unlawful wounding on which it had been instructed.  Again, we disagree.

Although the jury was instructed on the lesser-included offense of unlawful wounding, it was not instructed on the lesser-included offense of assault and battery.

> An element necessary to both malicious and
> unlawful wounding is the "intent to maim,
> disfigure, disable or kill" the victim.
> Assault and battery, however, requires
> [only] proof of "an overt act or an attempt
> . . . with force and violence, to do
> physical injury to the person of another,
> . . . "whether from <u>malice</u> or from
> <u>wantonness</u>," . . . .

<u>Id.</u> at 132, 415 S.E.2d at 251 (citations omitted) (emphasis in original).

-

Our holding in Boone is directly applicable to this case and the proper instruction of a jury with respect to these two offenses:

> The jury was instructed that the Commonwealth had the burden of proving beyond a reasonable doubt that defendant wounded [the victim] with the "intent to maim, disfigure, disable or kill" him. They were not instructed, however, that defendant could be convicted of a lesser offense in the absence of this intent. The jury was thus "given the impermissible choice of drawing the conclusion" either that defendant intended to maim, disfigure, disable, or kill [the victim], with or without malice, and was thus guilty of either malicious or unlawful wounding, or that he did not possess this intent "and was not guilty of any offense." [Accordingly,] [t]he jury was denied the opportunity to assess the evidence as it related to assault and battery, an offense that may be accompanied by malice, but does not require the intent to maim, disfigure or kill.

Id. at 133-34, 415 S.E.2d at 252 (citations omitted).

As in Boone, the jury could have concluded that Maye lacked the specific intent to "maim, disfigure, disable or kill" and acted only with the intent to do bodily harm to Ingram, whether with or without malice. Thus, "[c]redible evidence was before the jury that, if believed, supported an instruction on assault and battery, and '[i]t is immaterial that the jury might have rejected the lesser-included offense.'" Id. "[W]here it is impossible to determine from the verdict whether the jury would have necessarily rejected a lesser-included offense on which it was not instructed, error in refusing to instruct on that

-

offense is not harmless."  Turner v. Commonwealth, 23 Va. App. 270, 276, 476 S.E.2d 504, 507 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997).

We find that it was error for the trial court to refuse a proper instruction on assault and battery as a lesser-included offense and that such error was not harmless.  Accordingly, we reverse the judgment of the trial court and remand this case for a new trial if the Commonwealth be so advised.

Reversed and remanded.

-