COLEMAN, Senior Judge,
dissenting.
The evidence, viewed in the light most favorable to the defendant Vaughn, proves that he shot Robinson twice with a deadly weapon, once in the ankle and once in the back. On those facts, a reasonable fact finder cannot conclude, in my opinion, that if Vaughn intentionally shot Robinson, which is required to justify giving an assault and battery instruction, that Vaughn only intended “an unlawful touching” or simple assault and battery and did not intend either to maim or disable his victim. For that reason, I respectfully dissent from the majority opinion.
Unquestionably, assault and battery is a lesser-included offense of malicious wounding. See Brown v. Commonwealth, 222 Va. 111, 116, 279 S.E.2d 142, 145 (1981). However, a court *269 is not required to instruct a jury on every lesser-included offense. See, e.g., Buchanan v. Commonwealth, 238 Va. 389, 409, 384 S.E.2d 757, 769 (1989); Brandau v. Commonwealth, 16 Va.App. 408, 413, 430 S.E.2d 563, 565-66 (1993). In order to require a lesser-included offense instruction, “more than a mere scintilla of evidence” must support giving the lesser-included offense instruction. See Brandau, 16 Va.App. at 411, 430 S.E.2d at 564.
Viewed in the light most favorable to the defendant, the evidence as to how the- shooting occurred supports two possible views and legal theories, either of which is insufficient, in my opinion, to justify granting the proffered assault and battery jury instruction. First, one view of the evidence is that Vaughn intentionally fired the gun in Robinson’s direction but that he accidentally shot Robinson intending only to scare him. Vaughn testified to this version and asked us to accept that view of the case. A second theory is that he intentionally shot Robinson. Although Vaughn does not ask us to accept this account, it is fundamental to his argument that the court should have instructed on assault and battery. Under the first theory, that the shooting was accidental and intended only to scare Robinson, an assault and battery instruction would not be justified, in my opinion, because the requisite specific intent to commit a battery is necessarily absent if the shooting was accidental. Under the second theory, an assault and battery instruction would not be justified because intentionally shooting or wounding another with a firearm would, in my opinion, only justify malicious and unlawful wounding instructions. Accordingly, under either of the two possible theories, the evidence fails to support granting an instruction on simple assault and battery. Thus, I would affirm the trial court’s ruling and the unlawful wounding conviction.
Here, according to Vaughn’s theory, the evidence proved that he fired several shots into the ground in the direction of Robinson’s feet and fired a single shot in Robinson’s general direction as Robinson was moving away, intending only to scare Robinson and not intending to shoot or wound him. Nevertheless, one shot struck Robinson in the ankle and the *270 last shot struck him in the back. Vaughn testified that, before firing the shot that struck Robinson in the back, he raised the gun to waist level. Vaughn also testified that he knew that Robinson was not armed.
On the foregoing facts, the primary theory advanced by Vaughn is that he accidentally shot and wounded Robinson. Proof that the shooting was accidental establishes only that Vaughn committed a simple assault; such evidence does not prove that Vaughn committed a battery because no intentional touching, wounding, or shooting of the victim occurred. “One cannot be convicted of assault and battery ‘without an intention to do bodily harm — either an actual intention or an intention imputed by law....’ ” Boone v. Commonwealth, 14 Va.App. 130, 133, 415 S.E.2d 250, 251 (1992). “A battery is an unlawful touching of another.... Whether a touching is a battery depends on the intent of the actor, not on the force applied.” Adams v. Commonwealth, 33 Va.App. 463, 468-69, 534 S.E.2d 347, 350 (2000) (citation omitted). “ ‘[T]he slightest touching of another ... if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.’ ” Id. at 469, 534 S.E.2d at 350 (citation omitted). Accordingly, where Vaughn claims he only intended to scare Robinson and did not intend to shoot or wound him, Vaughn would not be entitled, in my opinion, to have the jury instructed on assault and battery. See Wynn v. Commonwealth, 5 Va.App. 283, 292, 362 S.E.2d 193, 198 (1987) (holding that shooting at a person intending only to scare the person where no touching or wounding occurs supports instructing the jury on simple assault).
A second theory supported by the evidence is that Vaughn intentionally shot Robinson, once in the ankle and once in the back. Vaughn argues that he was entitled to a lesser-included assault and battery instruction because a fact finder could reasonably conclude that when he twice shot Robinson, he “acted only with the intent to do Robinson bodily harm to deter his attack, and not with the specific intent ‘to maim, disfigure, disable, or kill.’ ” The majority accepts this rationale as its ratione decidendi and relies upon our holding in *271 Boone, 14 Va.App. at 133, 415 S.E.2d at 252, to support its conclusion. I disagree that a fact finder could reasonably conclude that a person who intentionally shot another person could have the intent to commit only a simple assault and battery.
In Boone, we reversed and remanded a malicious wounding conviction for failure to give a lesser-included assault and battery instruction where Boone admitted he beat the victim with “a two by four” board but testified he “didn’t mean to hurt” the victim, he just “panicked” when the victim “came onto” him with homosexual advances. In explaining why an assault and battery instruction was required in Boone we said, “[o]ne cannot be convicted of assault and battery ‘without an intention to do bodily harm — either an actual intention or an intention imputed by law,’ but an intent to maim, disfigure or kill is unnecessary to the offense.” 14 Va.App. at 133, 415 S.E.2d at 251 (emphasis added). Striking a person with a board, depending upon the circumstances, may be either simple assault and battery or may be unlawful or malicious wounding depending upon the perpetrator’s intent. In Boone the evidence would have permitted the fact finder to conclude that Boone delivered the blows with an intent to do bodily harm but not necessarily with the intent to maim, disable, disfigure, or kill and, thus, the evidence required that the jury be instructed on misdemeanor assault and battery.
Boone, however, is distinguishable from the instant case. Where, as here, a person intentionally shoots an individual twice with a deadly weapon, the evidence proves, at a minimum, that the person intended to disable or inflict serious bodily injury upon the person. Intentionally shooting a person, other than in self-defense, does, in my opinion, necessarily prove an intent to maim or disable the victim. The facts and our holding in Brandau, 16 Va.App. 408, 430 S.E.2d 563, are analogous to the circumstances of the instant case and should control the result here.
In Brandau, we held that the trial court did not err by refusing to give a lesser-included assault and battery instruc *272 tion in an attempted murder prosecution. Brandau testified that he was merely trying to scare the person at his door, who he did not know to be a police officer, when he intentionally emptied his gun through the door at a height positioned to strike a person standing outside his door. The shots wounded the police officer standing behind the door. Brandau argued that he was entitled to an assault and battery instruction, because if the jury believed his testimony that he intended only to scare the person, it could have found that he did not intend to kill the officer. In upholding the denial of an assault and battery instruction, we held that the only conclusion that reasonably could be reached, on those facts and circumstances, was that by intentionally shooting at the person several times, Brandau intended to kill the officer. We said that “no more than a mere scintilla of evidence” supported Brandau’s contention that he only intended to scare the person at his door. Id. at 412-15, 430 S.E.2d at 565-67.
Similarly, in the instant case, proof that Vaughn intentionally shot Robinson in the ankle and in the back supports only the conclusion that he intended to maim or disable Robinson or inflict serious bodily injury to him. Shooting a person twice with a deadly weapon, with one of the shots being in the back, does not warrant giving a misdemeanor assault and battery instruction. In my opinion, the evidence could not reasonably support a conclusion that Vaughn only intended to do “bodily injury, however slight” to Robinson.
For these reasons, I would affirm the unlawful wounding conviction.