COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


MURIEL LOUISE MORRISON

                                        MEMORANDUM OPINION* BY
v.    Record No. 2645-00-2              JUDGE JAMES W. BENTON, JR.
                                             APRIL 23, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Robert W. Duling, Judge

            Matthew P. Geary for appellant.

            John H. McLees, Jr., Senior Assistant
            Attorney General (Randolph A. Beales,
            Attorney General, on brief), for appellee.


     The trial judge convicted Muriel Louise Morrison of felonious

assault and battery of a law enforcement officer in violation of

Code § 18.2-57(C).  Morrison contends the evidence was

insufficient to prove beyond a reasonable doubt criminal intent.

We affirm the conviction.

                                I.

     At trial, the evidence proved that Officer Disse and another

officer arrested Morrison on a charge of malicious wounding.

Officer Disse testified that when they arrived at the detention

facility Morrison became "uncooperative" and "a little wild."

After she pushed a chair, acted violently, and screamed, the

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

officers decided to restrain her because of a concern for their safety and hers. Officer Disse testified that Morrison struggled with them and, "during the process of her kicking around, she kicked [Deputy Cirino]." Officer Disse "assum[ed] she was trying to prevent from being shackled."

Deputy Cirino, who was assigned to the detention facility, testified that he got involved in the situation because he noticed Morrison was becoming "extremely aggressive" and verbal. Deputy Cirino and his supervisor decided Morrison should be put in a full set of restraints to prevent Morrison from harming herself or other people. Deputy Cirino testified that, as they tried to apply the restraints, Morrison begin "to struggle with the handcuffs and . . . she was starting to kick." He also identified a photograph showing bruising on his face where Morrison kicked him. When asked whether he agreed Morrison's kicking him was inadvertent, Deputy Cirino testified, "Well, in my opinion, she didn't say -- it wasn't like I wanted to kick Deputy Cirino." He explained that "[h]er actions in kicking and her actions in resisting [are] what lead to what happened." He agreed, however, that when he testified previously he had said he thought it was an inadvertent kick.

Morrison testified that she was very upset when she was arrested and that she had wanted to obtain an arrest warrant for the other persons involved in the altercation. Morrison testified that after she had waited 15 to 20 minutes in the detention

-

facility, she wanted to be processed. When the officer said he would do so when he was ready, she became upset and pushed the chair to the wall. Morrison testified that when she told the officer she wanted to sit, the officer told her to sit on the floor. She said she followed his instruction and sat on the floor. She testified that when she tried to explain her version of the events, Deputy Cirino came with handcuffs. She did not want to be shackled and put her legs under her to avoid being restrained. She also testified that when an officer pulled one of her legs, she began "fighting to keep my feet under me" and that she started kicking her leg after an officer began "holding her leg and hitting on the top of it." She said she did not intend to kick Deputy Cirino.

After hearing the evidence, the judge found that Morrison was not a credible witness. The judge convicted Morrison of assault and battery of Deputy Cirino.

## II.

In pertinent part, Code § 18.2-57(C) provides as follows:

> [I]f any person commits an assault or an
> assault and battery against another knowing
> or having reason to know that such other
> person is a law-enforcement officer as
> defined hereinafter . . . such person shall
> be guilty of a Class 6 felony, and, upon
> conviction, the sentence of such person
> shall include a mandatory, minimum term of
> confinement for six months which mandatory,
> minimum term shall not be suspended, in
> whole or in part.

"Assault and battery, . . . requires proof of 'an overt act or an attempt . . . with force and violence, to do physical injury to the person of another,' 'whether from malice or from wantonness,' together with 'the actual infliction of corporal hurt on another . . . wil[l]fully or in anger.'"  Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992) (citations omitted).  It has long been the rule in Virginia that "[a]ny touching by one of the person . . . of another in rudeness or in anger is an assault and battery."  Lynch v. Commonwealth, 131 Va. 762, 765, 109 S.E. 427, 428 (1921).

The evidence was sufficient for the trial judge to find beyond a reasonable doubt the elements of assault and battery. The trial judge expressly found that he disbelieved Morrison's testimony.  The other evidence proved Morrison was angry, abusive, and generally belligerent while in the detention facility.  "Criminal intent, a state of mind, may be, and often must be, shown by circumstantial evidence."  Whitley v. Commonwealth, 223 Va. 66, 73, 286 S.E.2d 162, 166 (1982).  The trial judge believed the officers' testimony that they sought to restrain Morrison after she began shoving furniture and acting aggressively.  In kicking her legs while the officers were close to her, Morrison acted in a manner of reckless and wanton disregard for the safety of the officers.  Evidence of her conduct and evidence of her state of mind were sufficient to prove beyond a reasonable doubt the elements of assault and

-

battery.  See Banovitch v. Commonwealth, 196 Va. 210, 219-20, 83

S.E.2d 369, 374-75 (1954); Boone, 14 Va. App. at 132-33, 415

S.E.2d at 251.  Accordingly, we affirm the conviction.

Affirmed.

-